UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
DANIEL S. McGRATH,                        )
                                          )   Case No. C13-0822RSL
                      Plaintiff,          )
        v.                                )
                                          )   ORDER OF DISMISSAL
SYSTIME COMPUTER CORPORATION,             )
                                          )
                      Defendants.         )
_____)

        This matter comes before the Court on "Defendant's Motion to Dismiss, or, in the Alternative, to Stay in Favor of Arbitration." Dkt. # 15. Defendant seeks to enforce the arbitration provision in a 2005 employment agreement between the parties. Plaintiff acknowledges signing the employment agreement, but argues that it was superceded by one or more later documents and is no longer enforceable. Plaintiff also argues that the agreement to arbitrate is invalid because it violates his Seventh Amendment right to a jury trial. Having reviewed the memoranda, declarations, and exhibits submitted by the parties and having heard the arguments of counsel, the Court finds as follows:

        Pursuant to the Federal Arbitration Act, a written agreement to settle a controversy by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In this case, the parties not only agreed to arbitrate "all disputes between Employee . . . and Employer," but also agreed that "[t]he arbitrator shall have exclusive authority to resolve all Arbitrable Claims, including, but

ORDER OF DISMISSAL

not limited to, whether any particular claim is arbitrable and whether all or any part of this Agreement is void or unenforceable."  Decl. of Cheryl Lemos (Dkt. # 16), Ex. A at ¶ 10(c). Plaintiff's challenge to the continuing validity of the 2005 contract as a whole does not preclude enforcement of the specific, severable promise to arbitrate disputes regarding enforceability. Rent-a-Center West, Inc. v. Jackson, __ U.S. __, 130 S. Ct. 2772, 2777-79 (2010).  It is undisputed that plaintiff signed a broad agreement to arbitrate all issues of arbitrability, including the continued validity of the agreement.  Plaintiff argues that subsequent events (*i.e.*, receipt of a new handbook and/or a change in position) invalidated the undisputed agreement to arbitrate.  The Court finds that, in the context of this case, the arbitrator must decide whether the initial agreement was intended to provide the general terms under which plaintiff would be employed by defendant or whether the terms applied only to the period of time in which he worked as an account executive.

The Seventh Amendment does not preclude enforcement of the arbitration provision.  As a general matter, an agreement to arbitrate is a contractual selection of an alternative forum that involves neither courts nor juries:  to the extent the Seventh Amendment right to a jury is in play at all, the parties implicitly waived it.  Janiga v. Questar Capital Corp., 615 F.3d 735, 743 (7th Cir. 2010) (argument that the Seventh Amendment bars enforcement of an arbitration agreement "proves too much; parties are entitled to opt in a contract for an alternative method of dispute resolution that involves neither courts nor juries.  That is implicit in any arbitration agreement."); Cooper v. MRM Investment Co., 367 F.3d 493, 506 (6th Cir. 2004) ("[T]he loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate.") (citation omitted).  In this particular case, the arbitration agreement contained an express and conspicuous waiver of the right to a jury trial "INCLUDING WITHOUT LIMITATION ANY RIGHT TO TRIAL BY JURY AS TO THE MAKING, EXISTENCE, VALIDITY, OR ENFORCEABILITY OF THE AGREEMENT TO

1  ARBITRATE." In these circumstances, no heightened showing of knowledge or voluntariness
2  is necessary to enforce the arbitration agreement and/or the express contractual waiver of the
3  right to a jury trial. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1370-73 (11th Cir.
4  2005).

6        For all of the foregoing reasons, defendant's motion is GRANTED. Plaintiff's
7  claims are subject to arbitration, and this matter is hereby DISMISSED. The Clerk of Court is
8  directed to enter judgment in the above-captioned matter.

      Dated this 20th day of November, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge